UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY DUCREE, ET AL.                    CIVIL ACTION


VERSUS                                    NO: 06-8286


LIBERTY MUTUAL INSURANCE                  SECTION: "A" (2)
COMPANY


## ORDER AND REASONS

Before the Court is a **Motion to Sever and Proceed Separately (Rec. Doc. 5)** filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual"). Plaintiffs Beverly Ducree, Shirlee Maclane, and Noel Dominick have not filed an opposition to the motion. The motion, set for hearing on March 7, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is GRANTED.

I.    **BACKGROUND**

Plaintiffs initiated this suit in state court against Liberty Mutual.  Each Plaintiff owns real property in Orleans Parish and was insured with Liberty Mutual.  As a result of damage caused by Hurricane Katrina, Plaintiffs allege that they

sustained a total loss exceeding the policy limits of their coverages and thus are entitled under Louisiana's Valued Policy Law, La. R.S. § 22:695(A), to their homeowner's policy limits. (Pet. ¶ IV).  In the alternative, Plaintiffs allege that Liberty Mutual failed to properly adjust their insurance claims.  (Pet. ¶¶ XIII-XVI).  Additionally, Plaintiffs contend that Liberty Mutual acted arbitrarily and capriciously in appraising their damages, specifically, in undervaluing the cost of building materials and labor.  (Pet.¶ XVII).

Liberty Mutual removed the case on October 16, 2006, invoking this Court's diversity jurisdiction.  Liberty Mutual now seeks severance under Rule 21 of the Federal Rules of Civil Procedure.

Liberty Mutual argues that the joinder of the Plaintiffs in this case is improper as their rights to relief do not arise from the same transaction, occurrence or series of transactions or occurrences as prescribed by Rule 20(a) of the Federal Rules of Civil Procedure.  Liberty Mutual points out that the Plaintiffs' property is located in different parts of Orleans Parish, and they did not suffer identical damage, share the same adjuster, or have the same insurance policies.  Additionally, Liberty Mutual argues that Plaintiffs did not have properties of equal value before Hurricane Katrina and the circumstances surrounding each

plaintiff's claim require individualized examination.  In the alternative, Liberty Mutual argues that even if permissive joinder were possible, severance is still warranted because a consolidated trial will result in undue prejudice and confusion of the jury.

## II.  <u>DISCUSSION</u>

### 1.  *Motion to Sever*

Under Rule 20(a) of the Federal Rules of Civil Procedure,

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of, or in arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action . . . ."

Fed. R. Civ. P. 20(a).  These requirements are "flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy."  Wright, Miller & Kane, *Federal Practice & Procedure*, § 1653 (1986).

Federal Rule of Civil Procedure 21 provides that "any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.  The court has "broad discretion" to sever claims.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).  A court may also consider whether jury confusion and prejudice would result from the volume of evidence if the

plaintiffs were joined.  *Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *2 (E.D. La. Jan. 17, 2007).

For example, in *Rohr*, several plaintiffs owned property in different parts of St. Bernard parish and collectively sued Metropolitan for property damage caused by Hurricane Katrina. *Id*. at *1.  Judge Feldman severed the plaintiffs' claims stating that "the hurricane can be considered no more than a common question of fact" and that "it alone cannot serve as a common transaction or occurrence because the effects of the hurricane were unevenly felt." *Id*. at *3.  Additionally, the court held that severance is appropriate because "any practical benefits accrued through the conservation of judicial resources are likely to be outweighed by the burden imposed on Metropolitan in defending multiple claims, with different factual scenarios, in one trial." *Id*.

Similarly, in the instant case, three Plaintiffs have joined together in a Hurricane Katrina-related lawsuit against their common insurance provider.  However, their properties, located in three different areas of Orleans Parish, were separately insured and suffered varying degrees of damage as a result of the storm.  Consequently, this court is persuaded by the reasoning of *Rohr* and finds that Plaintiffs have failed to satisfy the first prong of Rule 20(a) requiring their claims to arise out of the same transaction or occurrence.  Therefore, severance pursuant to Rule

4

21 is appropriate under the circumstances.

### 2.   *Subject Matter Jurisdiction--Ducree and Dominick Claims*

Plaintiffs have not questioned subject matter jurisdiction, but federal courts are required to *sua sponte* examine the basis for jurisdiction.  <u>Union Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004).  It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  *Id.*

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

The defendant may make this showing in either of two

5

> ways: (1) by demonstrating that it is "facially
> apparent" that the claims are likely above $75,000, or
> (2) by setting forth the facts in controversy –
> preferably in the removal petition, but sometimes by
> affidavit – that support a finding of the requisite
> amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

The state court petition gives no basis for the Court to determine whether the amount in controversy is satisfied as to any of the plaintiffs.  In other words, it is not facially apparent from the petition that the amount in controversy exceeds $75,000.  Moreover, given that the three plaintiffs herein are asserting separate and unrelated claims, Liberty Mutual must demonstrate that the amount in controversy is satisfied as to *each* individual plaintiff.  *See, e.g., Derouselle v. Wal-Mart Stores, Inc.*, 934 F. Supp. 214, 216 (W.D. La. 1996) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)).

In the notice of removal, Liberty Mutual alleges facts sufficient for the Court to conclude that the amount in controversy for Maclane's claim exceeds $75,000.  However with respect to Ducree and Dominick Liberty simply alleges that given the quantum of Maclane's claim "without even considering the other two plaintiffs' policy limits the amount in controversy clearly exceeds $75,000." (Ntc. Rem.  ¶ 10).  Given that

permissively joined plaintiffs cannot aggregate their damages to satisfy the amount in controversy, Liberty Mutual is implicitly invoking supplemental jurisdiction with respect to Ducree and Dominick.  Of course, supplemental jurisdiction does not apply here because the three plaintiffs' claims in this case are not related and do not form part of the same case or controversy.  28 U.S.C. § 1367(a) (West 2006); *see Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546 (2005).  In sum, because neither the petition nor the notice of removal alleges a basis for original jurisdiction over the Ducree and Dominick claims, and because supplemental jurisdiction does not apply, the Ducree and Dominick claims are subject to remand unless Liberty Mutual can amend its notice of removal to allege the facts in controversy that demonstrate that this Court has original jurisdiction over those claims.

The law is well-settled that a party may not amend its notice of removal to assert a new ground for removal outside the thirty day period for removal prescribed by 28 U.S.C. § 1446(b). *Davis v. Life Investors Ins. Co.*, 214 F. Supp. 2d 691, 693 (S.D. Miss. 2002) (citing *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574 (S.D. Miss. 2000)).  However, a defendant may still be allowed to amend its removal petition even after the thirty day period in order to cure defective allegations of jurisdiction.

7

*Manzella v. United Parcel Serv., Inc.*, No. 02-1800, 2002 WL 31040170, at *8 (E.D. La. Sept. 10, 200) (Wilkinson, M.J.) (citing *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574 (S.D. Miss. 2000)).  The ability to cure defective allegations of jurisdiction outside the thirty day window is limited to amendments to correct "technical defects" in the jurisdictional allegations in the notice of removal.  *Id.* (citing *Briarpatch, Ltd. v. Pate*, 81 F. Supp. 2d 509, 516-17 (S.D.N.Y. 2000)).  After thirty days, amendments to remedy a substantive defect in the removal notice, *i.e.*, to add a new basis for federal subject matter jurisdiction, are not permitted, *id.*, unless the new basis arises after the expiration of the thirty day period, *see, e.g., Davis*, 214 F. Supp. 2d at 694.

If Ducree and Dominick will not consent to Liberty Mutual amending its notice of removal, then Liberty Mutual's ability to amend the notice will turn on whether the requisite new allegations regarding the amounts in controversy for Ducree and Dominick constitute an attempt to cure a "technical" defect in the notice of removal or whether Liberty Mutual would be attempting to make a "substantive" amendment by adding an entirely new basis for removal.  If Ducree and Dominick do not consent, and if the Court determines that the necessary amendment would be substantive in nature, then the Ducree and Dominck

claims will be remanded to state court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Sever and Proceed Separately** (Rec. Doc. 5) filed by defendant Liberty Mutual Insurance Company should be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Liberty Mutual shall file a motion to amend its notice of removal no later than **March 20, 2007**, said motion to be noticed for hearing on **April 4, 2007**, on the briefs.

March 12, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE